WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RAYMOND SAGER, | No. CV 05-0742 PHX MHM (MEA) |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| JOSEPH ARPAIO, | |
| Defendant. | |

Pending before the Court is Defendant Arpaio's Motion to Dismiss (Doc. #11).

**BACKGROUND**

Plaintiff filed a *pro se* civil rights complaint (Doc. #11) pursuant to 42 U.S.C. § 1983 on March 8, 2005. On July 6, 2005, the Court ordered Defendant to answer Plaintiff's allegation that Defendant violated Plaintiff's Eighth Amendment rights while Plaintiff was detained in the Maricopa County Durango jail, by failing to provide Plaintiff with an adequate diet and by subjecting him to overcrowded and unsanitary living conditions. (Doc. #6).

1  Defendant was served and filed an answer (Doc. #9) to the
2 complaint on September 15, 2005.  On September 28, 2005,
3 Defendant filed a motion to dismiss the complaint pursuant to
4 42 U.S.C. § 1997e for Plaintiff's failure to exhaust his
5 administrative remedies regarding the claims stated in the
6 complaint.
7  In an order (Doc. #12) issued October 6, 2005,
8 Plaintiff was warned by the Court that his failure to respond
9 to the motion to dismiss within thirty days could be deemed
10 consent to the entry of judgment against Plaintiff, pursuant
11 to Rule 7.2, United States District Court for the District of
12 Arizona Local Rules of Civil Procedure.  As of November 28,
13 2005, Plaintiff has not responded to or filed any pleading
14 otherwise opposing Defendant's motion to dismiss.

**DISCUSSION**

**A. Standard for granting motion to dismiss**

17  When deciding a motion to dismiss pursuant to Federal
18 Rule of Civil Procedure 12(b)(6), the Court must take the
19 factual allegations of the complaint as true and construe them
20 in the light most favorable to the plaintiff.  See Galbraith
21 v. County of Santa Clara, 307 F.3d 1119, 1121 (9th Cir. 2002);
22 Epstein v. Washington Energy Co., 83 F.3d 1136, 1140 (9th Cir.
23 1996).  Additionally, *pro se* complaints are held to a less
24 strict standard than those drafted by counsel.  See Estelle v.
25 Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).  It is
26 not appropriate to dismiss a *pro se* prisoner's civil rights
27 action unless it is "beyond doubt that the plaintiff can prove
28

- 2 -

1  no set of facts in support of his claim which would entitle
2  him to relief." Id.

3  **B. Exhaustion**

4  Exhaustion of administrative remedies under the Prison
5  Litigation Reform Act ("PLRA") is governed by 42 U.S.C. §
6  1997e(a). This statute provides that "[n]o action shall be
7  brought with respect to prison conditions under section 1983
8  of this title, or any other Federal law, by a prisoner
9  confined in any jail, prison, or other correctional facility
10 until such administrative remedies as are available are
11 exhausted." 42 U.S.C. § 1997e(a) (2003 & Supp. 2005). This
12 language has been interpreted to require "that an inmate must
13 exhaust [available remedies] irrespective of the forms of
14 relief sought and offered through administrative avenues."
15 Booth v. Churner, 532 U.S. 731, 741, n.6 (2001). The
16 exhaustion requirement "applies to all inmate suits about
17 prison life, whether they involve general circumstances or
18 particular episodes." Porter v. Nussle, 534 U.S. 516, 532
19 (2002).

20 A plaintiff must fully exhaust his administrative
21 remedies before filing a section 1983 complaint. McKinney v.
22 Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002). To fully
23 exhaust a section 1983 claim, a prisoner must pursue his
24 grievance to the highest administrative level available to
25 him. See Thomas v. Woolum, 337 F.3d 720, 726 (6th Cir. 2003);
26 Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999); Morgan
27 v. Maricopa County, 259 F. Supp. 2d 985, 990-91 & n.13 (D.
28 Ariz. 2003). Exhaustion is an affirmative defense;

- 3 -

1 establishing exhaustion of administrative remedies under the
2 PLRA is not a pleading requirement or a jurisdictional
3 prerequisite.  See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th
4 Cir.), cert. denied, 124 S. Ct. 50 (2003); Giano v. Goord, 380
5 F.3d 670, 675 (2d Cir. 2004).  Therefore, Defendant has "the
6 burden of raising and proving the absence of exhaustion."
7 Wyatt, 315 F.3d at 1119.  The failure to exhaust
8 administrative remedies under the PLRA is treated as a matter
9 in abatement and is properly raised in an unenumerated Rule
10 12(b) motion.  Id.  "In deciding a motion to dismiss for a
11 failure to exhaust nonjudicial remedies, the court may look
12 beyond the pleadings and decide disputed issues of fact."  Id.
13 at 1119-20.  "If the district court concludes that the
14 prisoner has not exhausted nonjudicial remedies, the proper
15 remedy is dismissal of the claim without prejudice."  Id. at
16 1120.

17     Detainees complaining about the conditions encountered at
18 a Maricopa County jail facility may pursue an administrative
19 grievance in accordance with the three-step process outlined
20 in the Maricopa County Sheriff's Office Policy and Procedure
21 manual. DOC. #11, Exh. A.  The inmate first files a grievance
22 which is heard by a shift supervisor.  The inmate may appeal
23 an adverse decision by the shift supervisor by filing an
24 Institutional Grievance Appeal, which is determined by a jail
25 commander.  The third step in the process is to file an
26 External Grievance Appeal regarding any adverse decision by
27 the jail commander.  Id., Exh. A.
28

1    The evidence presented by Defendant establishes that
2 administrative remedies were available to Plaintiff and that
3 Plaintiff failed to properly pursue his administrative
4 remedies with regard to the claims stated in his complaint,
5 i.e. his claims regarding unsanitary and overcrowded living
6 conditions and jail food, prior to filing his section 1983
7 complaint.

8    Additionally, Rule 7.2, United States District Court for
9 the District of Arizona Local Rules of Civil Procedure
10 provides that a party's failure to respond to a motion may, in
11 the Court's discretion, be deemed a consent to the Court's
12 granting of judgment in favor of the movant.  See Brydges v.
13 Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994).  When the Court
14 has warned the non-moving part that their failure to respond
15 "'shall constitute a consent'" to the granting of the motion,
16 the Court may properly exercise its discretion to a motion
17 based on the non-moving party's construed consent.  Id.  See
18 also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)
19 (holding that the district court did not abuse its discretion
20 by summarily granting the defendants' motion to dismiss
21 pursuant to a local rule where the pro se plaintiff had time
22 to respond to the motion but failed to do so).

23    Defendant has asserted Plaintiff has not exhausted his
24 administrative remedies, a prerequisite to filing his suit.
25 Plaintiff does not contest Defendant's assertion that he has
26 failed to fulfill a prerequisite to filing his section 1983
27 complaint.  Therefore, Plaintiff has failed to plead facts
28 which establish that he has stated a claim for relief.

**Conclusion**

Plaintiff has failed to allege or to show that he has exhausted his administrative remedies with regard to his claim regarding jail overcrowding and unsanitary living conditions. Furthermore, Plaintiff has failed to object to Defendant's motion to dismiss although Plaintiff was warned that his failure to do so would result in dismissal of his claims.

**THEREFORE, IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. #11) is **GRANTED**. Plaintiff's complaint is hereby **dismissed without prejudice** for Plaintiff's failure to exhaust his administrative remedies with regard to the claim for relief stated in his complaint.

DATED this 15th day of December, 2005.

_____
Mary H. Murguia
United States District Judge

- 6 -